IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
PIKEVILLE DIVISION
CIVIL NO:

NATHAN ROGERS                                                                                              PLAINTIFF

VS.                                                    **COMPLAINT**

KEY 2 RECOVERY, INC.                                                                                    DEFENDANT
5448 West Chester Rd.
West Chester, OH 45069

      Serve:  CT Corporation System
             306 W. Amin Street, Suite 512
             Frankfort, KY 40601

\* \* \* \* \* \* \* \* \* \* \* \* \* \*

Comes now the Plaintiff, NATHAN ROGERS ("Plaintiff"), by and through undersigned counsel, and for his Complaint against Defendant, KEY 2 RECOVERY, INC. (hereinafter "Key 2 Recovery"), alleges and affirmatively states as follows:

**INTRODUCTION**

1. Count I of the Plaintiff's Complaint is based on the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, *et seq.* When Congress enacted the FDCPA, it noted that "[c]ollection abuse takes many forms, including…disclosing a consumer's personal affairs to friends, neighbors, or an employer." S. Rep. No. 382, 95th Cong., 1st Sess. 4, at 4, *reprinted in* 1977 U.S.C.C.A.N. 1695, 1696.

2. In the present case, the Defendant knowingly and repeatedly violated this core tenet of the FDCPA by contacting the Defendant's employer, despite the Plaintiff's repeated admonishments not to do so.

3. Count II is based on the Kentucky tort of invasion of privacy.

## PARTIES

4. Plaintiff Nathan Rogers is a citizen and resident of Pike County, Kentucky. The Plaintiff is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3). The Plaintiff is a "person" as that term is used in 15 U.S.C. § 1692d.

5. Defendant, KEY 2 RECOVERY, INC, is a corporation organized and existing under the laws of Ohio. Key 2 Recovery's principal place of business is located at 5448 West Chester Road, West Chester, Ohio 45069. Key 2 Recovery is registered to do business in the Commonwealth of Kentucky, and its registered agent is listed as CT Corporation System, 306 W. Amin Street, Suite 512, Frankfort, KY 40601. Unless otherwise indicated, the use of the Defendant's name in this Complaint includes all agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, representatives, and insurers of this Defendant named. Defendant, Key 2 Recovery, is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6), and sought to collect a consumer debt from Plaintiff.

## JURISDICTION AND VENUE

6. Jurisdiction is conferred on this Court pursuant to 15 U.S.C. § 1692k(d), which states that actions arising under the FDCPA may be brought and heard before "any appropriate United States district court without regard to the amount in controversy."

7. This Court also has supplemental jurisdiction over the state law claim presented herein, pursuant to 28 U.S.C. § 1367, as said state law claim arises from the same common nucleus of operative facts as the FDCPA claim alleged herein.

8. This Court has personal jurisdiction over the Defendant. The Defendant conducts business in the Commonwealth of Kentucky; the Defendant is registered to do business with the Kentucky Secretary of State, and has a registered agent within the Commonwealth of Kentucky; and, the Defendant purposefully contacted the Plaintiff, who resides within the Commonwealth of Kentucky, in an effort to collect a debt allegedly owed by the Plaintiff.

9. Venue in this District is appropriate pursuant to 28 U.S.C. § 1391(b)(2), as "a substantial part of the events or omissions giving rise to the claim[s]" herein occurred within this District.

**FACTS**

10. The Plaintiff has, at all times relevant, resided in Pike County, Kentucky.

11. In the Spring Semester of 2007, the Plaintiff was enrolled in classes at the Pikeville College (now known as "University of Pikeville" – all further references herein will be to "University of Pikeville").

12. The Plaintiff was working at the same time that he was enrolled in classes, and eventually stopped attending in order to focus on work.

13. According to the University of Pikeville, the Plaintiff did not properly withdraw from classes, and the University of Pikeville maintained that he was responsible for the tuition allegedly due and owing for the semester in which he was enrolled.

14. The Plaintiff is employed by Trey K Mining & Electric, Inc., with a principal place of business of 6290 State Hwy 194 E, Kimper, KY 41539-0235.

15. At some time in August 2012, prior to the events described below, the Defendant, Key 2 Recovery, contacted the Plaintiff on his personal phone, seeking to collect a debt on behalf of the University of Pikeville for the unpaid tuition allegedly due for Spring, 2007.

16. The Defendant further indicated that it was entitled to collect a large amount of collection fees in addition to the tuition bill.

17. On or about August 29, 2012 at approximately 9:00am, "Faith Hamilton" (hereinafter "Ms. Hamilton") an agent or employee of the Defendant, contacted the Plaintiff at his place of employment, by calling the business line of his employer, Trey K Mining & Electric Inc.

18. It is the Plaintiff's understanding that his employer has in place a policy which prohibits employees from receiving calls regarding personal business on the business line for Trey K Mining & Electric, Inc.

19. When the Plaintiff spoke with Ms. Hamilton, Ms. Hamilton asked the Plaintiff for his credit card information, and asked whether he would be making one payment, or paying his debt in installments.

20. The Plaintiff informed Ms. Hamilton that she was contacting him at work, and instructed Ms. Hamilton to contact him after work on his personal phone number.

21. On the same day, at approximately 10:30am, Ms. Hamilton, an agent or employee of the Defendant, contacted the Plaintiff at his place of employment, by calling the business line of his employer, Trey K Mining & Electric Inc.

22. The Plaintiff expressly instructed Ms. Hamilton that he was at work, and that she was not to contact him further using the business line of his employer, Trey K Mining & Electric, Inc.

23. On the same day, at approximately 11:30am, and despite the Plaintiff's prior requests, Ms. Hamilton, an agent or employee of the Defendant, again contacted the Plaintiff at his place of employment, by calling the business line of his employer, Trey K Mining & Electric Inc.

24. The Plaintiff again instructed Ms. Hamilton not to contact him further at his place of employment, and told her that she was compromising his employment by continuing to make contact with him at work.

25. On or about September 10, 2012, at approximately 11:00am, and despite the Plaintiff's repeated requests, Ms. Hamilton, an agent or employee of the Defendant, again attempted to contact the Plaintiff at his place of employment, by calling the business line of his employer, Trey K Mining & Electric Inc.

26. Ms. Hamilton informed the receptionist for Trey K Mining & Electric Inc., that she was returning the Plaintiff's phone call.

27. The receptionist informed the Plaintiff that he had a phone call, but before the Plaintiff could get to the phone, Ms. Hamilton had hung up.

28. On or about September 18, 2012, at approximately 11:40am, and despite the Plaintiff's repeated requests, an unknown agent or employee of the Defendant, contacted the Plaintiff at his place of employment, by calling the business line of his employer, Trey K Mining & Electric Inc.

29. The unknown agent or employee asked the Plaintiff for his credit card information, and requested that payment be made in one lump sum.

30. The Plaintiff again instructed the agent or employee of the Defendant to not contact him at his place of employment.

31. To the best of the Plaintiff's recollection, at all times prior, contemporaneous with, and subsequent to, the events described herein, the Plaintiff would only make contact with the Defendant through use of his personal phone.

32. The Defendant contacted the Plaintiff on multiple occasions on his personal phone, and the Defendant was in possession of his personal phone number at all times relevant.

33. The Plaintiff suffered undue and unnecessary embarrassment, humiliation, and unnecessary stress by virtue of the fact that the Defendant repeatedly contacted him at work.

34. Through information and belief, the Defendant has a pattern and practice of repeatedly contacting consumers at their places of employment in an effort to coerce and intimidate consumers into making payments.

### COUNT I
### (Fair Debt Collection Practices Act – 15 § 1692 *et seq.*)

35. The allegations in the above paragraphs of this complaint are realleged and incorporated herein by this reference.

36. Plaintiff Nathan Rogers is a "consumer" as defined by the FDCPA, which provides that a "consumer" is "any natural person obligated or allegedly obligated to pay any debt." 15 U.S.C. § 1692a(3).

37. Plaintiff Nathan Rogers is a "person" as that term is used in 15 U.S.C. § 1692d.

38. The statute of limitations under the FDCPA is one year from the date on which the violation occurs. 15 U.S.C. § 1692k(d).

39. Within the one-year statute of limitations provided by § 1692k(d), the Defendants violated the following provisions of the FDCPA:

    a. The Defendant violated 15 U.S.C. § 1692c(a)(1) by contacting the Plaintiff "at a time or place known or which should have been known to be inconvenient to the consumer;"

    b. The Defendant violated 15 U.S.C. § 1692c(a)(3) by contacting the Plaintiff at his place of employment when the Defendant "knows or has reason to know that the consumer's employer prohibits the consumer from receiving such communication;"

    c. The Defendant violated 15 U.S.C. § 1692d by engaging in "conduct the natural consequence of which is to harass, oppress, or abuse any person;"

    d. The Defendant violated 15 U.S.C. § 1692d(5) by engaging the Plaintiff in a telephone conversation repeatedly or continuously with intent to annoy, abuse or harass any person at the called number;

    e. The violated 15 U.S.C. § 1692f & 1692f(1) by using "unfair or unconscionable means to collect or attempt to collect any debt."

40. As a result of the above violations of the FDCPA, the Defendants are liable to the Plaintiff for the following:

    a. Pursuant to 15 U.S.C. 1692k(a)(1) the Plaintiff's actual damages;

    b. Pursuant to 15 U.S.C. 1692k(a)(2) statutory damages;

    c. Pursuant to 15 U.S.C. 1692k(a)(3) all court costs and attorneys' fees.

## COUNT II
### (Invasion of Privacy)

41. The allegations in the above paragraphs of this complaint are realleged and incorporated herein by reference.

42. Through information and belief, the Defendant has a pattern and practice of intentionally and repeatedly contacting consumers at work in an effort to coerce and intimidate consumers into making payments.

43. The Defendant intruded upon the privacy and seclusion of the Plaintiff by contacting him at work and disclosing his private information during conversations that were necessarily and unavoidably in the presence of Plaintiff's coworkers, and which information Plaintiff attempted to keep private by repeatedly admonishing the Defendant to not contact him at work.

44. The Plaintiff has a right to keep the matter of his personal financial affairs, including the nature of his personal finances, and to whom he allegedly owes money, private from his employer and co-workers.

45. The Defendant's disclosure of the information, and the manner in which it was disclosed, is highly offensive to a reasonable person.

46. As a direct and proximate result of the Defendants' actions, the Plaintiff suffered damages, including but not limited to humiliation, embarrassment, aggravation, anger and emotional distress due to the Defendant's actions.

47. The Defendant's actions were particularly egregious, based upon the fact that the Defendant repeatedly contacted the Plaintiff at work, despite his repeated requests not to do so.

48. As a result of the Defendant's actions, the Plaintiff requests:

    a. Plaintiff's actual damages;

    b. Punitive damages.

**WHEREFORE,** the Plaintiff, Nathan Rogers, having set forth his claims for relief against the Defendant, respectfully request judgment be entered against the Defendant, Key 2 Recovery, for the following:

A. That the Plaintiff have and recover against the Defendant, statutory damages of $1,000.00 for the violations of the Fair Debt Collection Practices Act;

B. That the Plaintiff have and recover against the Defendant a sum to be determined in the form of actual damages;

C. That the Plaintiff have and recover against the Defendant, costs and reasonable attorneys' fees pursuant to 15 U.S.C. § 1692k of the Fair Debt Collection Practices Act;

D. That the Plaintiff have and recover against the Defendant a sum to be determined in the form of punitive damages;

E. Any other relief that this Honorable Court deems appropriate.

## DEMAND FOR JURY TRIAL

PLEASE TAKE NOTICE that Plaintiff, NATHAN ROGERS, demands a jury trial in this case.

DATED: November 7, 2012.

/s/ Noah R. Friend
Noah R. Friend
Friend & Hunt
Attorneys at Law, PLLC
P.O. Box 610
Pikeville, KY 41502
Phone: 606.369.7030
Fax: 502.716.6158
nrfriend@friendandhunt.com
KY Bar #92209

## VERIFICATION OF COMPLAINT AND CERTIFICATION

STATE OF KENTUCKY

Plaintiff, NATHAN ROGERS, states the following:

1. I am a Plaintiff in this civil proceeding.
2. I have read the above-entitled civil Complaint prepared by my attorneys and I believe that all of the facts contained in it are true, to the best of my knowledge, information, and belief formed after reasonable inquiry
3. I believe that this civil Complaint is well grounded in fact and warranted by existing law or by a good faith argument for the extension, modification, or reversal of existing law.
4. I believe that this civil Complaint is not interposed for any improper purpose, such as to harass any Defendant, cause unnecessary delay to any Defendant or create a needless increase in the cost of litigation to any Defendant named in the Complaint.
5. I have filed this Complaint in good faith and solely for the purposes set forth in it.

Pursuant to 28 U.S.C. §1746(2), I, NATHAN ROGERS, hereby declare (or certify, verify or state) under penalty of perjury that the foregoing is true and correct.

11/7/12
DATE

NATHAN ROGERS